UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,    Case No. 08-13739

    Plaintiff,    District Judge
        Arthur J. Tarnow
v.
        Magistrate Judge
GARY LEE WOODROFFE,    Mona K. Majzoub

    Defendant.
_____/

# ORDER REMANDING CASE
# TO THE 16th DISTRICT COURT

Before the Court is Defendant's Notice of Removal [1], dated August 29, 2008. At the time of filing, Defendant had been notified to appear on September 2, 2008, for arraignment in the 16th District Court (state case number 08-4010). The Notice of Removal fails to specify the pending charges, but the Notice and its attached exhibits suggest that Defendant faced a felony arraignment for failure to register under the federal Sex Offender Registration and Notification Act (SORNA).

A notice removing a state criminal proceeding to a federal court must be filed "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. §1446(c)(1). Here, Defendant's Notice was recorded four days before his state court arraignment, and thus his request was timely filed.

In reviewing Defendant's request, this Court must examine the Notice promptly. *See* 28 U.S.C. §1446(c)(4). If it is apparent on the face of the Notice that removal is impermissible, the Court must summarily remand the case to the state court. *Id.* If summary remand is inappropriate, the Court must order a prompt evidentiary hearing and then "make such disposition of the prosecution as justice shall require." 28 U.S.C. §1446(c)(4). If removal is granted, the state court in which the criminal prosecution is pending must halt its proceedings upon notification from this

Court. *Id.*

Defendant seeks removal under the Civil Rights Removal Act (the "Act"), which provides for the removal to a federal district court of an action "[a]gainst any person who is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1). Consistent Supreme Court rulings have established that removal petitions under the Act must satisfy both elements of a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

First, the civil right allegedly denied the defendant must arise under a federal statute "providing for specific civil rights stated in terms of racial equality." *Id.,* quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Defendant cites the federal guarantee that all persons shall enjoy the same right to "full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. §1981(a). Defendant surmises that the security of his person will be compromised in the jails of Wayne County and that, as a white man, he will suffer "reverse discrimination" at the hands of African American guards and other inmates. That fear notwithstanding, Defendant has not offered a credible argument that the Michigan state courts are unwilling or unable to protect his federally guaranteed right to racial equality during the proceedings against him. To succeed, Defendant's removal petition must allege "not merely that rights of equality [will] be denied or [can] not be enforced, but that the denial would take place *in* the courts of the State." *See Rachel*, 384 U.S. at 803 (emphasis added). Here, Defendant's Notice offers no support for such an allegation.

Second, the defendant must be deprived of his or her rights pursuant to a state statute or state constitutional provision; that is, the "denial [must] be manifest in a formal expression of state law." *Id.* at 803. State courts are accorded a strong presumption of competence, and in the absence of an explicit state mandate to the contrary, it is "expected that the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. If the alleged racial discrimination does not result from a specific state law, removal under the Act is generally impermissible. *See, e.g., Neal v. Delaware*, 103 U.S. 370 (1880) (denying

removal in the absence of a statute, despite an established state practice of excluding African Americans from jury service); *Kentucky v. Powers*, 201 U.S. 1, 31 (1906) (denying removal "where the alleged discrimination against the accused . . . was due to the illegal or corrupt acts of [court] administrative officers," but where the court officers' conduct was "unauthorized by the constitution or laws of the State") (emphasis omitted). Here, Defendant points to no Michigan state law that would authorize the racially discriminatory treatment that he fears.

Because Defendant has not provided evidence to support a claim that the state court will fail to safeguard his federal rights, and because he can point to no Michigan statute that would authorize such discrimination by the state court, his petition for removal under the Civil Rights Removal Act must be denied. This Court's denial of removal does not deprive Defendant of remedies for the grievances he anticipates. If convicted in his state court prosecution, Defendant may seek appellate review in the Michigan state court system. Ultimately, if convicted, Defendant may seek either judicial review at the United States Supreme Court or habeas corpus relief in federal district court. Finally, if Defendant's federally secured rights are indeed violated by state officers, either at trial or during incarceration, Defendant may seek relief in an appropriately styled civil action.

Defendant's petition for removal is **DENIED**, and this case is **HEREBY REMANDED** to the 16th District Court.


SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: September 19, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2008, by electronic and/or ordinary mail.

                       S/THERESA E. TAYLOR

                       Case Manager