**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PEOPLE OF THE STATE OF MICHIGAN,          Case No. 08-13739

        Plaintiff,          DISTRICT JUDGE
                                       ARTHUR J. TARNOW
v.
                                       MAGISTRATE JUDGE
GARY LEE WOODROFFE,          MONA K. MAJZOUB

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S APPLICATION [5]
TO PROCEED *IN FORMA PAUPERIS* and for APPOINTMENT OF COUNSEL,
and
GRANTING DEFENDANT'S REQUEST FOR AN EXTENSION
OF FEE PAYMENT DEADLINE [5]**

On August 29, 2008, Defendant filed a Notice of Removal [1] under 28 U.S.C. § 1443(1) (the "Civil Rights Removal Act"). On September 19, 2008, the Court entered an Order [2] summarily remanding the action to state court. Without paying appellate filing fees, Defendant timely filed a Notice of Appeal [3] from the Court's order of remand. See Fed. R. App. P. 4(a)(1)(A).

Now before the Court is Defendant's Motion for Appointment of Attorney [5], in which Defendant seeks to proceed on appeal *in forma pauperis* and requests the assignment of appellate counsel. Alternatively, Defendant seeks an extension of time to pay appellate filing fees.

**I. DISCUSSION**

*A. DEFENDANT'S REQUEST TO PROCEED IN FORMA PAUPERIS*

Defendant seeks to proceed on appeal *in forma pauperis*. Pursuant to Federal Rules of Appellate Procedure Rule 24, the appellant must file a motion, accompanied by an affidavit that:

    (A) shows in the detail . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

28 U.S.C. § 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." If a court denies such a motion or certifies that the appeal is not brought in good faith, it must notify the parties and the court of appeals. Fed. R. App. P. 24(a)(4). The court must state in writing its reasons for the denial. Fed. R. App. P. 24(a)(2).

Good faith is demonstrated when the movant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal need not appear likely to succeed, but it must advance "legal points arguable on their merits (and therefore not frivolous)." *Jones v. Frank*, 622 F.Supp. 1119, 1120 -1121 (D.C. Tex. 1985) (quoting *Anders v. California*, 386 U.S. 738 (1967)).

Here, Defendant submits that the Court wrongfully denied his petition under the Civil Rights Removal Act and wrongfully remanded his criminal arraignment to the state court. Under 28 U.S.C. 1446(c)(4), this Court must issue an order for summary remand "[i]f it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted." For the same reasons that the Court summarily remanded the removal petition, the Court now denies Defendant's application to proceed *in forma pauperis*.

First, Defendant insists that the Court has held his Notice of Removal to an inappropriately onerous standard of pleading. He argues that "since a Notice of Removal is NOT an evidentiary Motion Defendant was not required to provide ANY EVIDENCE to support his claim that the state court will fail to safeguard his federal rights, but merely to coherently and completely make such allegations." Federal courts, however, have consistently held otherwise:

> In addition to demonstrating that the rights claimed by the defendant arise under a law that falls within the scope of Section 1443(1), the defendant also must show by specific allegations that he has been denied or cannot enforce in the state court the right created by the civil rights law under which he or she seeks protection. The purpose of this second requirement is to give state courts the power and opportunity

> to correct alleged denials of a citizen's civil rights whenever possible, and thereby to avoid unnecessary federal interference with the state judicial processes.

14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3728 (collecting Civil Rights Removal Act cases turning on the "specific allegations" requirement). In his Notice of Appeal, Defendant cites generally to the "public record" and promises that he can "point to several Michigan statutes and recent constitutional disputes" to support his contention of "reverse discrimination" in the Michigan state courts. However, no such "specific allegations" were brought before the Court on Defendant's petition for removal, and thus the petition was summarily remanded for facial deficiency. *Cf. Murray v. Deer Park Union Free Sch. Dist.*, 154 F.Supp.2d 424, 426-27 (E.D.N.Y. 2001) (remanding a civil action to state court, and holding the removal petition to be "insufficient on its face" where the removing party "d[id] not recite any specific facts in support of his vague and conclusory assertion" that his federally guaranteed civil rights would not be safeguarded by the state court).

Additionally, Defendant objects to the Court's failure to consider his request that "the Court . . . enlarge the scope of civil rights removal so that removal would be possible for reasons broader and more all-encompassing than those covered by the Supreme Court" in seminal cases construing the Civil Rights Removal Act. The Court declines Defendant's invitation to consider his "alternative contentions for the creation of new law" under the Civil Rights Removal Act.

Finally, Defendant faults the Court for failing to examine the constitutionality of the federal Sex Offender Registration and Notification Act (SORNA), under which Defendant apparently faced arraignment in state court. The question of SORNA's constitutionality was not before the Court upon the Court's consideration of the propriety of Defendant's Notice of Removal.

Accordingly, Defendant has advanced no "legal point[] arguable on [its] merits," and the Court must certify this appeal as frivolous. Therefore, Defendant's application to proceed *in forma pauperis* will be DENIED.

B.  <u>DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL</u>

3

Defendant also seeks appointment of counsel on appeal. In its discretion, a court may appoint an attorney to represent any person unable to afford counsel. *See* 28 U.S.C. § 1915(e). However, "[a]ppointment of counsel in a civil case is not a constitutional right," but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted). Furthermore, the Sixth Circuit has confirmed that "[a]ppointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous." *Id.* at 606.

Because of the Court's determination, above, that this appeal advances no "legal point[] arguable on [its] merits," and is therefore frivolous, the Court likewise will likewise DENY Defendant's request for appointed counsel.

## C. *DEFENDANT'S REQUEST FOR AN EXTENSION OF FEE PAYMENT DEADLINE*

Finally, Defendant has requested an enlargement of time to pay appellate filling fees. Defendant's Notice of Appeal was timely filed within thirty days of the entry of this Court's order of remand. "Upon the denial of pauper status, the filing fee must be paid, although the [party] may enjoy a grace period in which to do so." 4 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1055 (*citing Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256 (10th Cir. 1994)).

Thus, the Court will GRANT Defendant's request for an extension of the fee payment deadline.

## II. CONCLUSION

The Court has reviewed the record in this case. For the reasons stated above, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's request to proceed on appeal *in forma pauperis* is **DENIED**.

Furthermore, **IT IS ORDERED** that Defendant's request for the appointment of counsel is also **DENIED**.

If Defendant chooses to proceed with this appeal, **IT IS ORDERED** that he may do so by

paying the appellate filing fees by **April 15, 2009**.

      **SO ORDERED.**


                      S/ARTHUR J. TARNOW
                      Arthur J. Tarnow
                      United States District Judge

Dated: March 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2009, by electronic and/or ordinary mail.

                      S/THERESA E. TAYLOR
                      Case Manager